```
KEVIN V. RYAN (SBN 118321)
United States Attorney
JOANN M. SWANSON (SBN 88143)
Chief, Civil Division
JONATHAN U. LEE (SBN 148792)
Assistant United States Attorney

    450 Golden Gate Avenue, Tenth Floor
    San Francisco, California 94102
    Telephone:     (415) 436-6909
    Facsimile:     (415) 436-6748
    Email: jonathan.lee@usdoj.gov

Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| STEVEN SOOHOO,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>    Defendants. | No. C 05-1513 EDL<br><br>STIPULATION OF SETTLEMENT; [PROPOSED] ORDER |

IT IS HEREBY STIPULATED by and between plaintiff Steven Soohoo, on the one hand, and defendant United States of America, on the other hand, as follows:

1. The parties do hereby agree to settle and compromise the above-entitled action under the terms and conditions set forth herein.

2. The United States of America, defendant, agrees to pay to the plaintiff the sum of $ 80,000.00 exactly *[handwritten]*, which sum shall be in full settlement and satisfaction of any and all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and by reason of any and all known and unknown, foreseen and unforeseen bodily and personal injuries,

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-1513 EDL                    -1-

1  damage to property and the consequences thereof, resulting, and to result, from the same subject

2  matter that gave rise to the above-captioned lawsuit, for which plaintiff or his heirs, executors,

3  administrators, or assigns, and each of them, now have or may hereafter acquire against the

4  United States of America or its agents, servants, and employees.

5      3. Plaintiff and his heirs, executors, administrators or assigns hereby agree to accept the

6  sum of $80,000.00 exactly _JM__ BL-SL_____ in full settlement and satisfaction of any and

7  all claims, demands, rights, and causes of action of whatsoever kind and nature, arising from, and

8  by reason of any and all known and unknown, foreseen and unforeseen bodily and personal

9  injuries, damage to property and the consequences thereof which they may have or hereafter

10 acquire against the United States of America or its agents, servants and employees on account of

11 the same subject matter that gave rise to the above-captioned lawsuit. Plaintiffs and their heirs,

12 executors, administrators or assigns further agree to reimburse, indemnify and hold harmless the

13 United States of America and its agents, servants or employees from any and all such causes of

14 action, claims, liens, rights, or subrogated or contribution interests incident to or resulting from

15 further litigation or the prosecution of claims by plaintiffs or their heirs, executors, administrators

16 or assigns against any third party or against the United States of America.

17     4. This stipulation for compromise settlement is entered into by all parties for the

18 purpose of compromising disputed claims and avoiding the expenses and risks of litigation. This

19 settlement does not constitute an admission of liability or fault on the part of any party.

20     5. This agreement may be pled as a full and complete defense to any subsequent action or

21 other proceeding which arises out of the claims released and discharged by the agreement.

22     6. It is also agreed, by and among the parties, that the settlement amount of

23 $80,000.00 exactly _JM__ BL-SL_____ paid by the United States of America to plaintiff

STIPULATION OF SETTLEMENT; [PROPOSED] ORDER
Case No. C 05-1513 EDL                    -2-

represents the entire amount of the compromise settlement and that the respective parties will each bear their own costs, fees, and expenses and that any attorneys' fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7. It is also understood by and among the parties that, pursuant to Title 28, United States Code, Section 2678, attorneys' fees for services rendered to plaintiff in connection with this action shall not exceed 25 per centum of the amount of the compromise settlement.

8. The settlement amount will be made by a check payable to "Steven Soohoo and his attorney of record Brian Larsen, Esq." Plaintiff's counsel shall be responsible for distributing the funds to plaintiffs.

9. Plaintiff is advised that settlement checks are often not available for eight to ten weeks after approval of the settlement by the court. Counsel for the United States of America will notify plaintiff's counsel when the settlement check is available. Within ten (10) days of such notification, plaintiff agrees that he will cause his attorneys to execute and provide to defense counsel, a stipulation of dismissal with prejudice of plaintiff's complaint. Within ten (10) days of receipt of the plaintiff's stipulation of dismissal, the United States of America will deliver the above-referenced settlement check to plaintiff's counsel.

10. Plaintiff hereby releases and forever discharges the United States of America and any and all of its past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities, actions, causes of actions, claims and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in plaintiff's pleadings in this action.

11. The provisions of California Civil Code Section 1542 are set forth below:

"A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

Plaintiff, having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elect to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that, if the facts concerning injuries or liability for damages pertaining thereto are found hereinafter to be other than or different from the facts now believed by them to be true, the Agreement shall be and remain effective notwithstanding such material difference.

12. The parties agree that this stipulation is intended to be a full and final settlement of all claims arising out of the allegations set forth in plaintiff's pleadings in this action. Plaintiff agrees to indemnify and hold harmless defendant United States of America from any and all claims, demands, obligations, liens, and lawsuits brought against the United States of America, its agencies or employees, arising out of the allegations set forth in plaintiff's complaint in this action.

13. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that the agreement has been freely and voluntarily entered into by the parties hereto with the advice of counsel, who have explained the legal effect of this agreement. The parties further acknowledge that no warranties or representations have been made on any subject other than as set forth in this Agreement. This Agreement may not be altered, modified or otherwise changed in any respect except by writing, duly executed by all of the parties or their authorized representatives.

14. The parties agree that, should any dispute arise with respect to the implementation of the terms of this Agreement, Plaintiff shall not seek to rescind the Agreement and pursue any of the original causes of action. Plaintiff's sole remedy in such a dispute is an action to enforce the Agreement in district court. The parties agree that the district court will retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this Agreement.

15. This settlement agreement may be signed in counterparts.

DATED: November 8, 2005                KEVIN V. RYAN
                                       United States Attorney

                                       _____
                                       JONATHAN U. LEE
                                       Assistant United States Attorney

DATED: November 8, 2005                LAW OFFICES OF BRIAN L. LARSEN

                                       _____
                                       BRIAN L. LARSEN
                                       Attorneys for Plaintiffs

DATED: November 08, 2005               _____
                                       STEVEN SOOHOO
                                       Plaintiff

### ORDER

Pursuant to the stipulation of the parties, IT IS SO ORDERED.

DATED: November 9, 2005                _____
                                       ELIZABETH D. LAPORTE
                                       United States Magistrate Judge